UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTHER SCHUTZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 3:05cv423 (MRK) |
| | : |
| NORTHEAST MORTGAGE CORP.; | : |
| SEAN ROGERSON; A-AFFORDABLE | : |
| MORTGAGE GROUP, LLC; | : |
| BRIAN FISHER; NATIONAL CITY | : |
| MORTGAGE CO.; U.S. BANK N.A., | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

Currently pending before the Court is Defendant A-Affordable Mortgage's Motion to Dismiss [**doc. #48**] seeking to dismiss Counts X and XIII of the Plaintiff's Amended Complaint. For the reasons explained below, the Court DENIES Defendant's motion.

When deciding a motion to dismiss, a court takes the facts as alleged in the complaint to be true, and must draw all reasonable inferences from those facts in favor of the plaintiff. *See Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989). "Dismissal is proper if, accepting all the allegations in the complaint as true and drawing all reasonable inferences in plaintiff's favor, the complaint fails to allege any set of facts that would entitle plaintiff to relief." *In re Sharp Intern. Corp.*, 403 F.3d 43, 49 (2d Cir. 2005) (citations omitted).

Defendant moves to dismiss Plaintiff's Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq*. claim set forth in Count X of the Amended Complaint on the ground that Plaintiff's allegations that Defendant brokered a "predatory loan for [her] because of her advanced age and obvious mental confusion" do not state a claim under ECOA. Pl.'s Mem. in

Opp'n to Def.'s Mot. to Dismiss [doc. #58] at 3.  While the Court is skeptical as to whether Plaintiff will ultimately be able to prove all of the elements of an ECOA claim, the Court cannot conclude that the Amended Complaint "fails to allege *any* set of facts that would entitle" to her relief.  Indeed, the Court notes that even Defendant has conceded that ECOA applies to "cases where credit is extended to a protected class member only upon onerous or oppressive conditions."  Def.'s Mem. in Supp. of Mot. to Dismiss [doc. #48-2] at 3.  The Court is unable to determine whether this is truly one of those cases without further development of the record.

Defendant also moves to dismiss Plaintiff's common law fraud claim set forth in Count XIII of the Amended Complaint on the grounds that it fails to satisfy the particularity requirement of Rule 9(b) of the *Federal Rules of Civil Procedure* and fails to state an actionable misrepresentation of fact under Connecticut law.  *See* Def.'s Mem. in Supp. Mot. Dismiss [doc. #48-2] at 4-5.  The Court disagrees with both of Defendant's arguments.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  The Second Circuit has read Rule 9(b) to require that a complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (citation omitted).  Plaintiff has satisfied these requirements.  She specifies that the statement that a National City loan was a "good loan for [her]" was made by Walter Mikolinksi, an employee of Defendant A-Affordable, in or about March 2004.  Am. Compl. [doc. #47] at 8, 11-12, 30.  Plaintiff further alleges that this statement was fraudulent because Mr. Mikolinksi knew that she did not have the financial ability to make the loan

payments, and thus, the loan could not possibly have been "good" for her.  *Id*. at 30-31.

Defendant's real objection to Plaintiff's fraud claim appears to be its view that Mr. Mikolinksi's statement was at best "puffery" and did not rise to the level of fraud.  While Defendant is correct that mere "puffing" is not actionable as fraud, more concrete misrepresentations that the speaker knows to be untrue at the time they are made "may ground a claim for fraud."  *See, e.g.*, *Bruce v. Home Depot, U.S.A., Inc.*, 308 F. Supp. 2d 72, 76 (D. Conn. 2004) (citations omitted); *see also Web Press Servs. Corp. v. New London Motors, Inc.*, 205 Conn. 479, 483 (Conn. 1987).  The question of whether a statement constitutes puffing as opposed to a material misrepresentation is often a close question that "must be viewed within the context of the totality of circumstances."  *Web Press* at 483; *see also Schnall v. Annuity and Life Re (Holdings), Ltd.*, No. 3:02 CV 2133 (GLG), 2004 WL 367644, at *7 (D. Conn. Feb. 22, 2004) ("[T]he line between puffery and actionable conduct sometimes is difficult to delineate.") (citations omitted).  The Court is not prepared to make this factual determination on the basis of the pleadings alone.

Accordingly, the Court DENIES Defendant A-Affordable's Motion to Dismiss [**doc. #48**] WITHOUT PREJUDICE to the Defendant's raising these arguments at the summary judgment stage after the record has been developed.

                                    IT IS SO ORDERED.

                          /s/      Mark R. Kravitz
                                United States District Judge

**\Dated at New Haven, Connecticut on: August 1, 2005**.